IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-63M-MPT |
| ) | |
| PASAHA SHANDS, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S MOTION FOR UPDATED PSYCHOLOGICAL STUDY PURSUANT TO 18 U.S.C. § 3552

NOW COMES the United States of America, by and through its undersigned attorneys, and hereby submits the following:

1. The defendant was charged on April 12, 2007 in a Misdemeanor Information with three Counts of possession of a dangerous weapon in a federal facility, in violation of 18 U.S.C. § 930(a).

2. In a teleconference on September 17, 2007, the defendant, through his counsel, indicated that he will agree to resolve this matter by pleading guilty, pursuant to the terms of a Memorandum of Plea Agreement. That plea agreement has been submitted to the Court for its consideration and the Court, at the request of both parties, has scheduled a combined Change of Plea Hearing and Sentencing Hearing for October 22, 2007 at 1:00 p.m.

3. Prior to the defendant's agreement to plead guilty, the Court had ordered that Pretrial Services arrange for "a psychological, intelligence and/or other appropriate mental health evaluation" to be conducted on the defendant by Dr. Catherine M. Barber or other appropriate medical professional. (D. I. 11). The Court had ordered that evaluation to assist it in ruling on the government's Motion for Detention, due to (1) the nature of the charged offense in this case; (2) the defendant's multiple prior

confrontations with law enforcement officers in which the defendant said that he thought that people were trying to harm him and (3) the defendant's previously-diagnosed schizophrenia.

4. Dr. Barber subsequently provided a report to the Court, dated June 11, 2007, regarding her observations as to the defendant's mental state and as to how his mental state relates to the factors the Court would take into account in determining whether to continue to detain the defendant.

5. In line with the discussion between the parties and the Court during the September 17 teleconference, the government hereby moves that the Court, pursuant to the terms of 18 U.S.C. §§ 3552(b) & (c), order that Dr. Barber, or other appropriate medical professional, complete a updated written study regarding the psychological condition of the defendant. The government moves that this report should include, among other things, information regarding: (1) the examiner's findings regarding the defendant's current mental condition and how his mental condition has changed, if at all, since the June 11 psychological report; (2) a description of the medical tests or methods of observation the examiner employed to compile those findings; (3) the examiner's recommendation as to how the defendant's mental condition should impact the sentence to be imposed by the Court; and (4) the examiner's recommendation as to what conditions should be imposed upon the defendant, if the Court sentences the defendant to a term of supervised release, so as to best ensure that the defendant is not a danger to the community during that time.

6. Undersigned counsel has consulted with Senior United States Probation Officer Craig Carpenter regarding this request. Mr. Carpenter indicated that he has spoken to Dr. Barber and that Dr. Barber is available to complete such a study, but that she has requested that the Court provide her until the end of the first week of November 2007 to do so. In light of that and the fact that Dr. Barber has previously accumulated significant familiarity with the defendant's mental condition that would aid in such a study, the government moves that this Court re-schedule the combined Change of Plea Hearing and Sentencing Hearing to a later date in November 2007.

7. The government also requests that the Court exclude the time from this date until the date of the combined Change of Plea Hearing and Sentencing Hearing, pursuant to the terms of the Speedy Trial Act (18 U.S.C. § 3161 *et seq.*). The government submits that the time is excludable under the Act because the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h).

8. The government has consulted with defendant's counsel, Mr. Bostic, who does not object to this motion.

WHEREFORE, the government respectfully requests that the Court grant the Government's Motion For An Updated Psychological Study Pursuant to 18 U.S.C. § 3552. A proposed Order is attached.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                                  By:    /s/ Christopher J. Burke
                                        Christopher J. Burke
                                        Assistant United States Attorney

Dated:    September 28, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-63M-MPT |
| ) | |
| PASAHA SHANDS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**WHEREAS**, the Court has considered the government's Motion For An Updated Psychological Study Pursuant to 18 U.S.C. § 3552, in which the government requests that the Court order that an updated written study regarding the psychological condition of the defendant be completed; and

**WHEREAS**, the Court "desires more information than is otherwise available to it as a basis for determining" the mental condition of the defendant before imposing sentence, *see* 18 U.S.C. § 3552(b) & (c);

**IT IS HEREBY ORDERED** that an updated written study regarding the psychological condition of the defendant be conducted by Dr. Catherine M. Barber or other appropriate medical professional and that this study should include, among other things, information regarding: (1) the examiner's findings regarding the defendant's current mental condition and how his mental condition has changed, if at all, since a prior June 11, 2007 psychological report; (2) a description of the medical tests or methods of observation the examiner employed to compile those findings; (3) the examiner's recommendation as to how the defendant's mental condition should impact the sentence to be imposed by the Court; and (4) the examiner's recommendation as to what conditions should be imposed upon

5

the defendant, if the Court sentences the defendant to a term of supervised release, so as to best ensure that the defendant is not a danger to the community during that time;

**IT IS FURTHER ORDERED** that, in order to provide sufficient time for the above-referenced written study to be completed, the combined Change of Plea and Sentencing Hearing in this matter is re-scheduled to _____, 2007 at _____; and

**IT IS FURTHER ORDERED** that the period from the date of this Order through the date of the combined Change of Plea and Sentencing Hearing discussed in this Order is excluded under the Speedy Trial Act, because the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial, in that the information gained during the delay will better enable the Court to make future rulings regarding the defendant's mental health condition and ultimate sentence. *See* 18 U.S.C. § 3161(h).

                                                                             The Honorable Mary Pat Thynge
                                                                             United States Magistrate Judge

Dated: