*Gov't filed in open court on 11/14/07 (RPG)*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 07-63M-MPT |
| PASAHA SHANDS, | ) |
| Defendant. | ) |

**FILED NOV 14 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE**

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Pasaha Shands, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Three of the Misdemeanor Information, which charges him with knowingly possessing and causing to be present a dangerous weapon in a Federal facility, in violation of Title 18, United States Code, Section 930(a). That Count carries a maximum sentence of a term of imprisonment of one year, a $100,000 fine, or both, one year supervised release, and a $25 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following elements with respect to Count Three of the Misdemeanor Information: that on or about April 3, 2007, the defendant (1) knowingly; (2) possessed or caused to be present; (3) a dangerous weapon; (4) in a Federal facility.

3. The defendant admits that on April 3, 2007, he knowingly possessed and caused to be present a dangerous weapon, to wit, a black Firefly brand stun gun, in a Federal facility, to wit, the J. Caleb Boggs Federal Building, located at 844 N. King Street, Wilmington, Delaware. The defendant also admits that on that date, he brought the following additional items into the Federal Building: (1) a Desert Eagle $CO_2$ .177 cal. Air Pellet Pistol (Serial Number U63596360); (2) a silver and brown Ozark Trail lock-back knife with a 3 ½ inch blade; (3) two 1 ½ inch silver metal razors and (4) a black canister containing a personal safety chemical agent.

4. The defendant agrees to abandon any right, title and interest that he may have in the following items seized from him on April 3, 2007, by members of the United States Department of Homeland Security's Federal Protective Service ("FPS"): (1) the Desert Eagle $CO_2$ .177 cal. Air Pellet Pistol (Serial Number U63596360); (2) the silver and brown Ozark Trail lock-back knife with a 3 ½ inch blade; (3) the black Firefly brand stun gun; (4) the two 1 ½ inch silver metal razors and (5) the black canister containing a personal safety chemical agent. The defendant agrees to execute all documents requested by the Government to effect his abandonment and further agrees that the FPS or other law enforcement agency may dispose of these items in whatever manner it deems appropriate.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to United States Sentencing Guideline Section 3E1.1.

6. The defendant understands that the Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence

consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The defendant agrees to pay the $25 special assessment at the time of sentencing.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

_____
Pasaha Shands
Defendant

Dated: November 14, 2007

COLM F. CONNOLLY
United States Attorney

By: _____
Christopher J. Burke
Assistant United States Attorney

AND NOW, this __14__ day of __November__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Mary Pat Thynge
United States Magistrate Judge

3